**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10176 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00294-LEK-2 |
| v. | |
| MICHELLE ESTEVEZ, AKA Tammie Lynn Kalua, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted June 12, 2019**
Honolulu, Hawaii

Before: THOMAS, Chief Judge, and CALLAHAN and CHRISTEN, Circuit
Judges.

Defendant-Appellant Michelle Estevez appeals the district court's sentence.

Because the parties are familiar with the facts, we do not recite them here.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jurisdiction is proper pursuant to 28 U.S.C. § 1291. We review de novo the district court's interpretation of the Sentencing Guidelines and compliance with Federal Rule of Criminal Procedure 32. *United States v. Job*, 871 F.3d 852, 868 (9th Cir. 2017). We review the court's factual findings for clear error. *Id.* We affirm.[1]

Estevez argues that the district court erred by failing to make an express finding as to whether her parole for two 1988 burglary convictions was revoked and whether she was re-sentenced following revocation. Rule 32 requires a district court to explicitly resolve any disputed portion of the presentence report (PSR) that affects sentencing. Fed. R. Crim. P. 32(i)(3)(B); *see Job*, 871 F.3d at 869. The district court resolved Estevez's objections by expressly adopting the PSR's factual findings and by agreeing with the government's sentencing analysis on the revocation issue. The district court therefore complied with Rule 32.

Estevez also argues that the district court erred by assessing six additional criminal history points without sufficient evidence. The Guidelines authorize three additional criminal history points for each prior sentence of imprisonment exceeding one year and one month imposed within the fifteen-year period before the defendant's instant offense. U.S.S.G §§ 4A1.1(a), 4A1.2(e). A district court may count a prior sentence of imprisonment exceeding one year and one month,

---

[1] Estevez's motion to take judicial notice, Dkt. No. 21, is granted.

"whenever imposed," if it resulted in incarceration during any part of the fifteen-year period. *Id.* § 4A1.2(e); *see also id.* § 4A1.2(k)(2). The government was required to prove, by a preponderance of the evidence, that Estevez's parole was revoked and that she was subject to a term of imprisonment during the relevant 15-year period. *See United States v. Marin-Cuevas*, 147 F.3d 889, 895 (9th Cir. 1998). By the time Estevez was paroled in November of 1989 on her 1988 burglary charges, she had served just over 13 months of her two-year concurrent sentences. The final PSR in the present case reflected that Estevez's parole was revoked on the state court burglary charges on August 20, 2002, and that she was paroled on March 28, 2003. Defense counsel conceded at the sentencing hearing that Estevez's parole was revoked in August of 2002, but argued that Estevez was not "resentenced" on her parole revocation. *Cf. United States v. Ramirez*, 347 F.3d 792, 800–01 (9th Cir. 2003) (analyzing the requirements for determining whether parole revocation occurred). The probation officer reiterated during the hearing that Estevez's parole on the 1988 burglary charges was revoked in August of 2002.

As to whether Estevez was incarcerated for her parole revocation, the PSR showed that Estevez was in federal custody for a separate crime until February 14, 2003, and that she was paroled on her burglary charges shortly after being released from federal custody. The probation officer explained that she relied on a prior

PSR, which stated that Estevez's parole was revoked and that she was returned to custody for 11 months, the remainder of her two-year sentence for the burglary convictions. In light of this evidence, we conclude that the government met its burden.

Estevez further argues that the information included in the PSR is unreliable, but she offers no support for this speculation. *United States v. Romero-Rendon*, 220 F.3d 1159, 1163 (9th Cir. 2000). The district court did not err by imposing six additional criminal history points.

**AFFIRMED.**